**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ALICE ATIEMO | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-16-3763 |
| TODD PROCTOR and KAREN WILSON PROCTOR | * | |
| | * | |
| Defendants | | |

\*\*\*

**MEMORANDUM OPINION AND ORDER**

The above-captioned case was filed on November 21, 2016, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because Plaintiff appears to be indigent, the motion shall be granted. For the reasons stated herein, the complaint is dismissed.

Plaintiff is suing her ex-husband and his current spouse for alleged violations of various federal criminal statutes related to fraud, perjury, obstruction of justice, and document fraud. ECF No. 1 at 2–3. The conduct upon which Plaintiff alleges wrongdoing relate to documents signed and statements made in the context of a child custody case as well as a criminal case initiated against Plaintiff by her ex-husband, Todd Proctor. *Id*. at 3–7. Plaintiff claims the criminal charges were initiated against her to influence the outcome of the child custody case and that false statements regarding couple's finances were made to convince the state court to order a higher child support payment than is warranted. *Id*.

To the extent Plaintiff is attempting to raise a constitutional claim under 42 U.S.C. §1983 (*see* ECF 1 at 8), her claims under the Civil Rights Act fail for want of state action. Neither of the defendants are state or federal actors. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or

wrongful.") (citations and internal quotation marks omitted).  Because none of the pleaded facts demonstrate that defendants acted on behalf of the State, Plaintiff cannot sustain a § 1983 claim.

Plaintiff's complaint also appears to rely on federal statutes that are either wholly inapposite to the facts as pleaded or do not provide a private cause of action. *See* ECF No. 1 at 2–3. For example, the complaint cites 8 U.S.C. § 1324c, which relates to immigration and the status of aliens; 17 C.F.R. § 11.6, which imposes penalties on persons making false statements during the course of a Commodity Futures Trading Commission investigation; and 46 U.S.C. § 14702, which imposes penalties on persons knowingly making a false statement in the measurement of shipping vessels. None bear any relationship to the facts averred in the complaint.

Additionally, Plaintiff cites ten criminal statutes from Title 18 of the United States Code which provide no private cause of action. *See* 18 U.S.C. §§ 641 (embezzlement of public money, property or records), § 1001 (false statements by one within the jurisdiction of any department or agency of the United States), § 1034 (allowing the Attorney General to bring a civil action against any person who engages is conduct constituting an offense under §1033), 1035 (false statements relating to health care matters), § 1341 (mail fraud), § 1343 (wire fraud), § 1510 (obstruction of criminal investigations), § 1621 (perjury), § 1622 (subordination of perjury), § 1623 (false declarations before a grand jury or court).  Where, as here, criminal statutes "bear no indication that civil enforcement of any kind was available to anyone," a civil complaint alleging violations of such statutes cannot be sustained as a matter of law. *Cort v. Ash*, 422 U.S. 66, 80 (1975).

Accordingly, it is this 1st day of December, 2016, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2), BE, and the same hereby IS, GRANTED;

2. The Complaint filed by Plaintiff ALICE ATIEMO (ECF No. 1), BE, and the same hereby IS, DISMISSED;

3. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to Plaintiff and CLOSE this case.

                                                              /S/
                                        Paula Xinis
                                        United States District Judge